IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICHARD DAVIS and MATT HOFFMAN,
Individually and on behalf of others similarly situated,

Plaintiffs,

v.                                                                                    No. 1:15-cv-1263-JDB-egb
KOHLER CO.,

Defendant.

---

## REPORT AND RECOMMENDATION

On referral to the Magistrate Judge for a Report and Recommendation [D.E. 59] is the

Amended Motion to Certify Class [D.E. 46] filed by Plaintiffs. Defendant opposes the Motion.

### Relevant Background

Plaintiffs were hourly-paid manufacturing employees of Defendant Kohler. (*See*

Amended Compl., Doc. # 40, ¶ 4, 6; *Exhibits C-F*.) and bring this FLSA claim against it. Named

Representative Plaintiff Richard Davis ("Davis") alleged that he was employed at Defendant's

manufacturing plant in Union City, Tennessee as an hourly-paid manufacturing employee within

the three years preceding the filing of this suit and that he performed off-the-clock work

(including before, during, or after shifts and through meal breaks without being clocked in)

without compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).[1]

(*See* Amended Compl., Doc. # 40, ¶ 4, 6, 11-23; Davis Decl., attached hereto as *Exhibit C*.)

Additionally, Named Representative Plaintiff, Matt Hoffman ("Hoffman") alleged that he was

employed at Defendant's manufacturing plant in Union City, Tennessee as an hourly-paid

---

[1] Defendant notes that several times in their brief Plaintiffs make reference to alleged violations of the minimum wage provision of the FLSA, however the Amended Complaint only makes claims for alleged unpaid overtime, under various circumstances, and makes no claim for minimum wage violations. Accordingly, the Magistrate Judge disregards these references to minimum wage violations per Plaintiffs' Amended Complaint.

manufacturing employee within the three years preceding the filing of this suit and performed

off-the-clock work (including before, during, and after shifts and through meal breaks without

being clocked in) without compensation in violation of the FLSA. (*See* Amended Compl., Doc. #

40, ¶ 5-6; Hoffman Decl., attached hereto as *Exhibit D*.)

Since this suit was filed, fourteen (14) additional Plaintiffs ("Consent Plaintiffs") have

joined this action by filing consent forms pursuant to Section 16(b) of the FLSA (29 U.S.C. §

216(b)), including: Michael Swain (Huntsville, Alabama), Larry McClendon (Sheridan,

Arkansas), Benjamin Pruitt (Union City, Tennessee), Tasia Jackson (Union City, Tennessee),

Angela Kroll (Wisconsin), Jeffrey King (Brownwood, Texas), Candise McKellar (Hattiesburg,

Mississippi), Janet Bundy (Brownwood, Texas), Patricia McClendon (Hattiesburg, Mississippi),

Thomas Hence (Hattiesburg, Mississippi), Jamar Drumgoole (Sheridan, Arkansas), Derick

Bennett (Hattiesburg, Mississippi), Latasha Smith (Union City, Tennessee), and Danny L. Keene

(Kohler, Wisconsin). (*See* "Consent Forms," *Collective Exhibit E.*) Additionally, all fourteen

(14) Consent Plaintiffs (including Janet Bundy, Jamar Drumgoole, Angela Kroll, Michael Swain,

Larry McClendon, Benjamin Pruitt, Tasia Jackson, Jeffrey King, Candise McKeller, Patricia

McClendon, Thomas Hence, Derick Bennett, Latasha Smith, and Danny L. Keene) indicated in

their Declarations that they were also hourly-paid manufacturing employees of Kohler within the

three years preceding the filing of this suit and were subject to Defendant's "off-the-clock"

policies or practices (including work performed before, during and after work and/or during meal

breaks without being clocked in), which deprived them of compensation due and resulted in

violations of FLSA overtime compensation requirements such that they were similarly situated to

Named Plaintiffs during the Class period. (*See* "Consent Declarations," *Collective Exhibit F.*)

Further, Janet Bundy also indicated in her Declaration that she also "observed other hourly-paid

co-workers performing "off-the-clock" work before, during or after their shifts during [her]

employment at Kohler during the last three years." (*See* "Consent Declarations," *Collective*

*Exhibit F,* Bundy Decl. ¶ 5.)

Analysis

*Section 216(b) of the FLSA* provides:

> An Action [under *§ 206*] may be maintained against any employer
> (including a public agency) in any Federal or State court of
> competent jurisdiction by any one or more employees for and on
> behalf of himself or themselves and other employees similarly
> situated. No employee shall be a party plaintiff to any such action
> unless he gives his consent in writing to become such a party and
> such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216(b).* Collective actions under the FLSA require putative class members to opt into

the class. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009). Also in

contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity,

commonality, typicality, and representativeness requirements of a traditional *Rule 23* class

action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009).

However, the plaintiffs in a FLSA collective action must demonstrate that they are

"similarly situated." *29 U.S.C. § 216(b)*; *O'Brien,* 575 F.3d at 583.  Although the FLSA does not

define the meaning of "similarly situated," the Sixth Circuit's *O'Brien* decision offered

clarification of that term. Despite declining "to create comprehensive criteria for informing the

similarly-situated analysis," the *O'Brien* court did state "that plaintiffs are similarly situated

when they suffer from a single, FLSA-violating policy, and when proof of that policy or of

conduct in conformity with that policy proves a violation as to all the plaintiffs." 575 F.3d at 585.

"Showing a 'unified policy' of violations is not required, though." *Id.* at 584 (citing *Grayson v. K*

*Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996)). Plaintiffs may also be similarly situated where

"their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* at 585. Under the circumstances of *O'Brien*, "[t]he claims were unified so, because plaintiffs articulated two common means by which they were allegedly cheated: forcing employees to work off the clock and improperly editing time-sheets." *Id.*

When an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a class at the early stages of discovery, before all plaintiffs have received notice, based on representations contained in the pleadings and affidavits of named plaintiffs that the defendant employs a unified policy that has resulted in FLSA violations to all putative class members. *See O'Brien,* 575 F.3d at 585-86 (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc.,* 671 F. Supp. 2d 957, 959, 961 (W.D. Mich. 2009) (Bell, J.) (noting that there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties).  At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591 ,595 (S.D. Ohio 2002)). Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer,* 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). As Judge Mays explained:

> Several courts have recognized that the named plaintiff's burden at this stage is not a heavy one. *White v. MPW Indus. Servs.,* 236 F.R.D. 363, 367 (E.D. Tenn. 2006*)*; *Swallows v. City of*

> *Brentwood, Tenn.,* 2007 U.S. Dist. LEXIS 61130, 2007 WL 2402735, at \*2 (M.D. Tenn. Aug. 20, 2007). "[T]he burden of proof is relatively slight at this stage of the case because the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *McDonald v. Madison Township Bd. of Township Trustees,* 2007 U.S. Dist. LEXIS 76450, at \*6 (S.D. Ohio Oct. 5, 2007). At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer,* 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).

*Frye v. Baptist Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 107139, \*12-13, (W.D. Tenn. Sept. 16, 2008).

Plaintiffs argue that they have demonstrated that Defendant Kohler has a system-wide or company-wide policy or practice of working its manufacturing employees off-the-clock in violation of the the FLSA. Plaintiffs further argue that the factual allegations contained in their consents and declarations far exceed the *O'Brien* standard for collective action treatment. Therefore, they claim, court- supervised notice under 216(b) of the FLSA is appropriate and necessary.

Defendant acknowledges that the burden of establishing conditional certification is not heavy, but reminds that Plaintiffs must offer sufficient facts that, if true, identify a "single policy, plan or action" that violates the FLSA affecting the putative nationwide class or show that the alleged claims of the putative class are "unified by common theories of [defendant's alleged] statutory violations." Defendant argues that Davis and Hoffman have not shown that they are similarly situated with the putative class they seek to represent. To the contrary, they claim, vast

5

differences from site to site and between and among individual Kohler associates and Plaintiffs'
disparate allegations and circumstances preclude any finding that Plaintiffs are similarly situated
to the associates they seek to represent.

Defendant argues that Plaintiffs here seek conditional certification of a putative class that
could number more than 8,000 individuals who worked at different sites, in different positions,
and under a variety of different working conditions, policies and supervisors. Specifically, they
state that Two Named Plaintiffs and 14 Opt-In Plaintiffs have joined this action from six Kohler
manufacturing sites: Brownwood, TX ("Brownwood Site"); Hattiesburg, MS ("Hattiesburg
Site"); Huntsville, AL ("Huntsville Site"); Faucets - Kohler, WI ("Faucets Site"); Sheridan, AR
("Sheridan Site"); and Union City, TN ("Union City Site"). According to Defendant, differences
between and among these sites include: (1) unionized v. nonunionized sites and, relatedly,
collective bargaining agreements and union representation at the unionized sites; (2) different
associate handbooks at each site; (3) different policies at each site relating to overtime rules and
meal breaks; (4) differences in workgroups that would directly relate to the allegations in this
case – for example, the existence of assembly lines in some facilities that would limit
opportunities for off-the-clock work and missing meal breaks; (5) the manufacture of very
different products from site to site, with different manufacturing processes, working conditions,
shifts and job titles/duties. [*See generally* Bennett; Dahlberg; Dirr; Ingram; Shepard; Thorne.]

Defendant also points out that Plaintiffs worked in a variety of positions: Continuous
Improvement Coordinator; Team Leader 3; Maintenance (Janitor); Assembly/Operator; Shipping
Operator; Packing; Finishing Operator; Mold Maker; and Machine Shop. [Bennett 38, 39, 55, 56,
72, 84, 96; Dahlberg 33; Dirr 35, 46; Ingram 39; Shepard 37, 47; Thorne 38] They worked
different shifts, worked for different supervisors and according to Defendant, were subject to

very different rules relating to overtime and meal breaks. [Bennett 38-40, 55, 58, 72-73, 84, 86, 97; Dahlberg 33-34; Dirr 35, 46; Ingram 39-40; Shepard 37-38, 47-48; Thorne 38-39]. Davis, Hoffman, and Benjamin Pruitt held leadership roles with their crews where they were responsible for keeping tabs on their crew members' productivity, work hours, and breaks and for reporting attendance issues and missed meal breaks to supervisors. [Davis Dep. 9:21 to 11:6, 23:7-13; Bennett 39, 55, 72].

The burden of showing Plaintiffs and potential opt-ins are "similarly situated" is met at the notice stage through allegations and supporting affidavits. As stated *supra,* in *O'Brien,* the Sixth Circuit held that collective action status in FLSA cases is proper where "claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien* at 585. The Sixth Circuit recently reaffirmed *O'Brien*'s conclusion in this respect, stating that "employees who 'suffer from a single, FLSA-violating policy' *or* whose 'claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct,' are similarly situated." *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1009 (6th Cir. 2016) (emphasis added) (alteration in original) (quoting *O'Brien*, 575 F.3d at 584-85).

The Magistrate Judge recommends a finding that Plaintiffs have met their burden at this early stage. While the wide varieties of duties that the class members performed, and the variations among the facilities, may ultimately result in decertification, the affidavits corroborating the allegations of the Complaint of company-wide policies with respect to hourly-paid manufacturing employees of Kohler performing off the clock work before, during and after work and/or during meal breaks without being clocked in, which deprived the employees of compensation due and resulted in violations of FLSA overtime compensation requirements such

7

that they were similarly situated to Named Plaintiffs during the Class period, makes conditional

class certification appropriate. *See Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2008 WL

5725631, at *4 (N.D. Ohio June 9, 2008) ("Generally, courts have left assessment of disparate

factual and employment settings of individual class members to the second stage of the

analysis."). The Magistrate Judge recommends that the Court issue an Order authorizing this case

to proceed as a collective action against Defendant Kohler Co. ("Defendant" or "Kohler") and

directing the parties to confer and file a mutually acceptable notice. The Magistrate Judge further

recommends an order directing Defendant to immediately provide a list of names, last known

addresses, and last known telephone numbers for all putative class members within the last three

years; and providing that the notice be prominently posted at each of Defendant's manufacturing

facilities in the United States where putative class members work. This notice shall also be

mailed (at Plaintiffs' expense) to each such current and former hourly-paid manufacturing

employee who was so employed during the last three years so each can assess their claims on a

timely basis as part of this litigation. Finally, the Magistrate Judge recommends that the Court

issue an Order tolling the statute of limitations for the putative Class as of the date the motion is

granted (except for those who already have opted into this action) and requiring that the opt in

Plaintiffs' Consent Forms be deemed "filed" on the date they are postmarked.

      Respectfully Submitted,

                                      **s/Edward G. Bryant**
                                      UNITED STATES MAGISTRATE JUDGE

                                      Date:  **December 30, 2016**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.