# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DIVISION OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD DAVID and MATT HOFFMAN** individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 2:15-cv-01263-STA-egb |
| **KOHLER CO.,** | ) ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PLAINTIFFS' AMENDED MOTION TO CERTIFY

Before the Court is Plaintiffs Richard David and Matt Hoffman's Amended Motion to Certify (ECF No. 46). The Motion was referred to the United States Magistrate Judge, and the Magistrate Judge has issued his Report and Recommendation (ECF No. 60). For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation, **GRANTS** Plaintiffs' Amended Motion to Certify, and orders other appropriate relief.

## BACKGROUND

The Magistrate Judge has reported the following background facts, which the Court hereby adopts as its own findings. Plaintiffs were hourly-paid manufacturing employees of Defendant Kohler Co. (Amended Compl., ECF No. 40, ¶ 4, 6; Exhibits C-F.) Plaintiffs Richard Davis and Matt Hoffman each alleges that he was employed at Kohler's manufacturing plant in Union City, Tennessee as an hourly-paid manufacturing employee within the three years preceding the filing of this suit. Each alleges that he performed off-the-clock work (including

1

before, during, or after shifts and through meal breaks) without being clocked in and therefore without compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Since Davis and Hoffman filed their initial Complaint, fourteen other Plaintiffs have given their consent to join the action: Michael Swain (Huntsville, Alabama), Larry McClendon (Sheridan, Arkansas), Benjamin Pruitt (Union City, Tennessee), Tasia Jackson (Union City, Tennessee), Angela Kroll (Kohler, Wisconsin), Jeffrey King (Brownwood, Texas), Candise McKellar (Hattiesburg, Mississippi), Janet Bundy (Brownwood, Texas), Patricia McClendon (Hattiesburg, Mississippi), Thomas Hence (Hattiesburg, Mississippi), Jamar Drumgoole (Sheridan, Arkansas), Derick Bennett (Hattiesburg, Mississippi), Latasha Smith (Union City, Tennessee), and Danny L. Keene (Kohler, Wisconsin).

Each of the 14 opt-in Plaintiffs have filed declarations indicating that that they were also hourly-paid manufacturing employees of Kohler within the three years preceding the filing of this suit and were subject to Defendant's off-the-clock policies or practices (including work performed before, during and after work and/or during meal breaks without being clocked in), all of which deprived them of compensation and resulted in violations of FLSA overtime requirements. All of the opt-in Plaintiffs assert that they were similarly situated to Plaintiffs Davis and Hoffman during the class period. Opt-in Plaintiff Janet Bundy, a Kohler employee in Brownwood, Texas, also indicated in her declaration that she "observed other hourly-paid co-workers performing 'off-the-clock' work before, during or after their shifts during [her] employment at Kohler during the last three years." (*See* "Consent Declarations," Collective Exhibit F, Bundy Decl. ¶ 5.)

The Magistrate Judge has recommended that the Court grant Plaintiffs' Amended Motion to Certify. The Magistrate Judge concluded that Plaintiffs have met their lenient burden at this

stage of the case to show that they are similarly situated to the putative class they seek to represent, despite the fact that the named Plaintiffs and the opt-in Plaintiffs are employed at six different facilities working different jobs in different departments. The Magistrate Judge reasoned that these differences could result in decertification at a later stage of the case. However, for purposes of conditional certification, the Magistrate Judge found that Plaintiffs had met their burden to show that they were similarly situated. The Magistrate Judge therefore recommended as follows:

(1) the Court issue an order authorizing this case to proceed as a collective action against Defendant Kohler Co. and directing the parties to confer and file a mutually acceptable notice;

(2) the Court issue an order directing Defendant to immediately provide a list of names, last known addresses, and last known telephone numbers for all putative class members within the last three years;

(3) the Court order Defendant to post the notice prominently at each of Defendant's manufacturing facilities in the United States where putative class members work. This notice shall also be mailed (at Plaintiffs' expense) to each such current and former hourly-paid manufacturing employee who was so employed during the last three years so each can assess their claims on a timely basis as part of this litigation; and

(4) the Court issue an Order tolling the statute of limitations for the putative class as of the date the motion is granted (except for those who already have opted into this action) and requiring that the opt-in Plaintiffs' consent forms be deemed "filed" on the date they are postmarked.

Kohler has filed timely objections to the Magistrate Judge's report and recommendation. Just as it did in opposing Plaintiffs' Amended Motion to Certify, Defendant emphasizes the

disparities among the members of the putative class. According to Kohler, Plaintiffs have not shown that they are similarly situated to the rest of the class they seek to represent, that all members of the putative class suffered from a single company policy in violation of the FLSA, or that a common theory of liability unifies their claims against Kohler. The putative class is defined so broadly as to include all of Kohler's hourly-wage workers. In other words Plaintiffs seek to represent as many as 8,100 Kohler employees working at six facilities, all located in different states. The putative class consists of employees working in widely divergent positions with distinct job descriptions. Each facility has its own management structure and timekeeping procedures. In addition to the sheer number and variety of work settings, Defendant also cites the fact that not all of the opt-in Plaintiffs experienced the same practices described in the Amended Complaint. Kohler contends that the Magistrate Judge reached his recommended conclusion to grant certification but without an analysis of these specific showings.

To the extent that the Court is inclined to grant conditional certification, Kohler requests that the Court define more precisely the putative class. Plaintiffs seek conditional certification of a class of all hourly employees of Kohler. Defendant again emphasizes the factual differences between the work settings of each member of the putative class. The Court should therefore redraw the parameters of the putative class with these distinctions in mind. Defendant also suggests that class treatment is inappropriate in light of the relatively small number of Plaintiffs who have opted into the suit. Finally, Defendant objects to the Magistrate Judge's recommendations that the Court toll the statute of limitations for all prospective opt-in plaintiffs, that Kohler be required to provide the telephone numbers of its employees immediately, and that it post notice of the collective action at its facilities.

Plaintiffs have filed a response to Defendant's objections. Plaintiffs contend that they have made a *prima facie* showing that they are similarly situated to the members of the putative class, i.e. "all Kohler hourly-paid manufacturing employees" who were subject to Kohler's "off-the-clock" policies. Pls.' Resp. to Def.'s Obj. 10 (ECF No. 62). Plaintiffs argue that at the conditional certification stage, the Court is required to resolve any factual disputes in favor of Plaintiffs. Plaintiffs also defend the Magistrate Judge's recommendation to require Kohler to produce the telephone numbers of each member of the putative class and post notice in their facilities.

Following the submission of their response to Defendant's objections, each named Plaintiff filed a supplemental declaration, in which they described in arguably greater detail just how Kohler failed to pay them for compensable time. Kohler has filed a Motion to Strike (ECF No. 65) the supplemental declarations. According to Kohler, Plaintiffs previously filed the same supplemental declarations (ECF No. 53) (along with declarations from five opt-in Plaintiffs) in conjunction with a reply brief in support of their Amended Motion to Certify. Kohler filed a motion to strike the declarations at that time, arguing in part that it was improper to file the declarations with a reply brief. Plaintiffs ultimately withdrew all of the declarations as well as their reply. As a result, the declarations were not part of the record considered by the Magistrate Judge. Now, Plaintiffs have re-filed what appear to be identical declarations. Kohler argues that Plaintiffs have improperly attempted to submit additional proof that the Magistrate Judge never considered in making his recommendation on the Amended Motion to Certify. Defendant therefore requests that the Court strike the declarations.

Plaintiffs have responded in opposition to the Motion to Strike. While Plaintiffs concede that the presentation of new arguments which were not raised before the Magistrate Judge is

5

disfavored, the presentation of new evidence is not. Plaintiffs state that the supplemental declarations bolster their showing that the named Plaintiffs are similarly situated to the putative class. Therefore, the Court can properly consider the supplemental declarations as part of its review of the report and recommendation.

## STANDARD OF REVIEW

Kohler argues, and Plaintiffs have not contested the point, that the Court should review the Magistrate Judge's report and recommendation *de novo*. Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation for any dispositive motion. 28 U.S.C. § 636(b)(1)(B). The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Id.* The Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may simply adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

While the Court reviews the Magistrate Judge's recommendations on dispositive issues like certification and equitable tolling *de novo*, the Court reviews the Magistrate Judge's non-dispositive procedural recommendations on notice under a far more deferential standard. The Magistrate Judge's recommendations on the form of notice are non-dispositive matters subject to the clearly erroneous or contrary to law standard of review. Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001)

(citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *see also* 28 U.S.C. § 636(b)(1). Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997).

"The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted). "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)); *see also* 32 Am. Jur. 2d Federal Courts 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

## ANALYSIS

### I. Kohler's Motion to Strike

As a threshold matter, the Court considers Kohler's Motion to Strike the supplemental affidavits filed by Plaintiffs. It appears to be common ground that Plaintiffs' supplemental affidavits were not part of the record before the Magistrate Judge and therefore played no role in his analysis of the Amended Motion to Certify. In fact, Plaintiffs had previously filed the affidavits with a reply brief in support of the Amended Motion to Certify, only to withdraw the

reply brief and affidavits in the face of Kohler's earlier motion to strike. Plaintiffs have not shown why their resubmission of the affidavits after the Magistrate Judge had made his recommendation was proper under the circumstances. In any event, the Court finds it unnecessary to consider the affidavits at this stage of the case. For the reasons more fully explained below, the Court adopts the Magistrate Judge's recommendation and grants Plaintiffs' Amended Motion to Certify without reference to the supplemental affidavits. Therefore, the Court will **GRANT** Kohler's Motion to Strike.

**II. Amended Motion to Certify**

Turning now to conditional certification, the issue presented is whether the named Plaintiffs have shown that they are similarly situated to the putative class they seek to represent. Section 216(b) of the FLSA provides as follows:

> An Action [under § 206] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.
> 29 U.S.C. § 216(b).

Suits brought pursuant to section 216(b) are collective actions, as opposed to class actions, in that similarly situated plaintiffs are permitted to "opt into" the suit rather than "opt out" as required by Rule 23 of the Federal Rules of Civil Procedure. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Courts generally employ a two-stage certification process in FLSA collective actions. At the initial stage, the Court determines whether to certify the proposed class conditionally. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017). (reaffirming the continuing validity of the two-stage certification process and the similarly situated analysis adopted in *O'Brien v. Ed Donnelly Enterp., Inc.*, 575 F.3d 567 (6th Cir. 2009)).

Conditional certification allows the Court to order "notice to potential plaintiffs and to present them with an opportunity to opt in." *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011). This early certification of a class at the notice stage is "conditional and by no means final." *Comer*, 454 F.3d at 546. At the second stage of certification, a district court employs "a more exacting standard" and "looks more closely at whether the members of the class are similarly situated," an assessment based not just on the allegations of a complaint but a fully developed evidentiary record. *Monroe*, 860 F.3d at 547.

To obtain conditional certification to proceed as a collective action, the named plaintiff must demonstrate that he is "similarly situated" to the employees he seeks to represent. Although the FLSA does not define the term "similarly situated," the Sixth Circuit has explained that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 584, abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)). Other factors are relevant to the similarly situated analysis, including but not limited to the following: "(1) the factual and employment settings of the individual plaintiffs; (2) the different defenses to which the plaintiffs may be subject on an individual basis; and (3) the degree of fairness and procedural impact of certifying the action as a collective action." *Monroe*, 860 F.3d at 397 (citing *O'Brien*, 575 F.3d at 584 and 7B Wright, Miller & Kane, Federal Prac. & Proc. § 1807 at 487 n.65 (3d ed. 2005)).

The plaintiff's burden at the first stage is "fairly lenient" and requires only "a modest factual showing" that he is similarly situated to the other employees he seeks to notify. *Comer*, 454 F.3d at 547. A lead plaintiff need only prove at the early stage that the putative class shares "common theories of defendant['s] statutory violations, even if the proofs of these theories are

inevitably individualized and distinct." *Id.* Because the Court makes its determination at this initial stage under a more forgiving standard of review, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *O'Brien*, 575 F.3d at 584.

Having reviewed the Magistrate Judge's report and recommendation *de novo*, the Defendant's objections to the report, and the entire record of the proceedings, the Court finds good cause to grant Plaintiffs' Amended Motion to Certify. Plaintiffs have discharged their lenient burden to show how they are similarly situated to the other Kohler employees they seek to represent. The named Plaintiffs as well as the opt-in Plaintiffs have shown through the pleadings and their supporting declarations that their "claims are unified by common theories of [Kohler's] statutory violations." *Monroe*, 860 F.3d at 398. Each Plaintiff and opt-in Plaintiff worked during the class period as a full-time, hourly manufacturing employee at one of six Kohler facilities in the United States. Each performed compensable, off-the-clock work for which they did not receive pay, specifically work before and after their scheduled shifts and during lunch breaks. The Court finds that the allegations in this case track the FLSA allegations in *O'Brien*, the leading Sixth Circuit FLSA case on conditional certification. Like the plaintiffs in *O'Brien*, Plaintiffs here allege that their employer required them "to work 'off the clock,' that is, before they had punched into, or after they had punched out of, the computerized system that tracked employees' start, end, and break times." *O'Brien*, 575 F.3d at 572. These allegations suffice to show that the named Plaintiffs are similarly situated to other hourly manufacturing employees working at five other Kohler's facilities. Therefore, the Court finds good cause to grant conditional certification at this initial phase.

Kohler raises a number of arguments to rebut Plaintiffs' showing, highlighting first the potential for the putative class to exceed 8,000 members and the multiplicity of job functions and

settings in which each class member worked. In assessing whether putative class members are similarly situated, the Court must consider the "factual and employment settings of the individual plaintiffs." *Monroe*, 860 F.3d at 397. It is true that the Amended Complaint and the declarations filed by the named Plaintiffs and opt-in Plaintiffs allege that Plaintiffs were "manufacturing employees, or similarly-titled employees" of Kohler. Am. Compl. ¶ 8. Kohler disclaims that it has such job title for its employees, and the Court has its own concerns about the nebulous nature of the term. This is to say nothing of the fact that the named Plaintiffs worked for Kohler at its Union City, Tennessee facility, and the opt-in Plaintiffs worked at other Kohler facilities located in five different states.

It is entirely possible then, as Kohler argues, that the putative class will be so large and diverse that Plaintiffs will not be able to show that they are similarly situated to the putative class. The fact that the putative class may be very large indeed and include "manufacturing employees" working for Kohler in quite different "factual and employment settings" will not prevent conditional certification at this initial stage of the process. The proceedings thus far have not borne out Kohler's concerns about a putative class of thousands. In the almost two years since Plaintiffs filed suit in November 2015, only 14 Kohler employees have opted in to the suit. Ultimately, differences in the factual and employment settings of the class members may preclude final certification of the collective action, or at the very least prevent all of the opt-in Plaintiffs from remaining in the putative class. *O'Brien*, 575 F.3d at 586 ("In general, plaintiffs who are not similarly situated—for instance, plaintiffs who did not allege suffering under either unlawful practice—could be dismissed while keeping intact a partial class."). However, that is a question the Court need only reach at the second stage of the certification process and on the basis of a fully developed factual record.

Kohler has also raised important questions about the scope of the putative class, pointing out that Plaintiffs seek certification of a nationwide class of Kohler employees. The Court finds that Kohler's objections as to defining the putative class as all manufacturing employees "nationwide" are well taken. Plaintiffs have adduced proof, however, only about alleged violations at Kohler facilities in Tennessee, Alabama, Arkansas, Mississippi, Texas, and Wisconsin. Plaintiffs have not shown that the facilities in these six states represent all of Kohler's manufacturing employees "nationwide." Plaintiffs have only supported their allegations with affidavits from employees at these six facilities. As a result, the Court will only certify a collective action of manufacturing employees at the facilities in these six states.

Kohler also calls attention to the differences in the nature of the violations alleged by each Plaintiff and opt-in Plaintiff. The named Plaintiffs have offered specific allegations about the methods Kohler used to violate the FLSA at the Union City facility: unpaid preliminary work, automatic deductions for lunch breaks, and a policy of rounding time entries.[1] By contrast, some opt-in Plaintiffs have only affirmed that Kohler required them to work off the clock, while others have alleged that Kohler required them to work off the clock and through unpaid lunch breaks. The Sixth Circuit has recently explained that for purposes of certifying a collective action, an employer may adopt a policy in violation of the FLSA but implement the policy by a variety of methods. *Id.* at 403 (stating that the "definition of similarly situated does not descend to such a level of granularity" that an FLSA plaintiff must pursue separate collective actions for each distinct kind of violation of the statute). And just as with the varied factual circumstances of each Plaintiff and opt-in Plaintiff's terms and conditions of employment,

---

[1] Kohler argues in its briefing that its rounding policy does not violate the FLSA. Kohler's affirmative defense is a matter properly taken up in a dispositive motion and not a motion for conditional certification.

discovery may reveal that some members of the putative class were subject to one type of violation but not others. The Court concludes that none of these considerations mean the Court should deny Plaintiffs conditional certification.

Kohler has further argued that some opt-in Plaintiffs were not actually Kohler employees and instead were employees of temporary employment agencies. And Kohler contends that at least one other opt-in Plaintiff's FLSA claim is untimely. These distinctions perhaps suggest that the members of the putative class have dissimilar claims, both factually and as a matter of law, and that some will have merit and others will not, a critical factor in the Court's similarly situated analysis. *Monroe*, 860 F.3d at 397 (requiring the district court to consider "the different defenses to which the plaintiffs may be subject on an individual basis"). But the Court has several ways to deal with these issues. The Court can best address them (1) in subsequently filed dispositive motions (and not at the conditional certification stage); (2) by dividing the putative class into subclasses, "a tried and true method of collective-action representation;" or (3) simply through decertification. *Id.* at 418 (Sutton, J., concurring in part, dissenting in part) ("This does not mean that a collective action was not an option in our case. It means only that plaintiffs should have accounted for their distinct theories by dividing themselves into sub-classes, one corresponding to each theory of liability under the statute . . . .").

Finally, Kohler's objections call into question whether the case is appropriate for collective treatment at all, not only for the reasons already discussed but also due to the small number of opt-in Plaintiffs who have given their consent to join in the action up to this point. The Court must consider "the degree of fairness and procedural impact of certifying the action as a collective action" in deciding whether certification is proper. *Monroe*, 860 F.3d at 397. The current size of the putative class, small as it might be, nevertheless satisfies "the policy behind

13

FLSA collective actions and Congress's remedial intent by consolidating many small, related claims of employees for which proceeding individually would be too costly to be practical." *Id.* at 405 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). And as with all of the Court's conclusions at the first stage of the certification process, the Court's findings about the fairness of collective treatment are conditional only, subject to further fact discovery.

Therefore, the Magistrate Judge's recommendation to certify conditionally the collective action is **ADOPTED**, and Plaintiffs' Amended Motion to Certify is **GRANTED**. The Court hereby certifies this case as a collective action with the putative class defined as follows:

> All non-exempt, hourly-paid, manufacturing employees, or similarly-titled employees, who worked as Kohler employees at Kohler facilities in Union City, Tennessee; Huntsville, Alabama; Sheridan, Arkansas; Hattiesburg, Mississippi; Brownwood, Texas; and Kohler, Wisconsin; who are currently employed with Kohler or were employed with Kohler within the last three years; who regularly worked 40 hours or more per week; and who worked off the clock in violation of the Fair Labor Standards Act.

**III. Equitable Tolling of the Statute of Limitations for Prospective Opt-in Plaintiffs**

The Magistrate Judge has next recommended that the Court toll the statute of limitations for the putative class as of the date the Amended Motion to Certify is granted and deem the consent forms of future opt-in Plaintiffs "filed" on the date they are postmarked. The FLSA's statute of limitations is subject to equitable tolling. *Kutzback v. LMS Intellibound, LLC*, 233 F.Supp.3d 623, 628 (W.D. Tenn. 2017). Equitable tolling of an opt-in plaintiff's FLSA claims is particularly appropriate where "delays during the collective-action certification process constitute 'extraordinary circumstances' beyond plaintiffs' control." *Id.* at 631. The Court agrees with the Magistrate Judge's recommendation to toll the statute of limitations period for the prospective opt-in Plaintiffs to this action (except for those who already have given their consent to opt in). Likewise, each opt-in Plaintiff's consent form shall be deemed "filed" on the

date the form is postmarked. Therefore, Kohler's objection on this point is overruled, and the Magistrate Judge's recommendation is **ADOPTED**.

**IV. Notice to the Putative Class**

This leaves Defendant's objections to the Magistrate Judge's procedural recommendations regarding notice to Kohler employees who may wish to joint the putative class. The Magistrate Judge has recommended that Kohler be ordered to produce the names, addresses, and telephone numbers of all potential class members and that Kohler post notice of the action in all of its facilities. Kohler objects to each aspect of the Magistrate Judge's recommendation about notice. The Court finds, however, that the Magistrate Judge's procedural recommendations are not clearly erroneous or contrary to law. Supplying the names, home addresses, and phone numbers of the putative class members as well as posting notice in the workplace are common features of FLSA cases in this District. *E.g. Redmond v. NPC Int'l, Inc.*, 2016 WL 7223468, at *8 (W.D. Tenn. Dec. 13, 2016) (approving the dissemination of employee contact information and requiring notice to be posted in the workplace).

The Court does find good cause to provide the parties with additional deadlines and procedures for the notice period. The Magistrate Judge has aptly recommended that the Court order the parties to confer on the form the notice to the putative class should take. The parties should confer on the notice and file a joint notice with the Court within 14 days of the entry of this order. In the alternative, should the parties be unable to reach an accord on the form of the notice, each party shall file its own proposed version of the notice within 14 days of the entry of this order.

In the mean time, the Court directs the parties to confer about how much time Kohler reasonably needs to produce the contact information. Kohler's submission on the issue is due

within 14 days of the entry of this order. Counsel should confer on the issue as required under Local Rule 7.2(a)(1)(B). In the event the parties cannot reach agreement, Plaintiffs will have 14 days from Defendant's filing in which to respond to Defendant's position statement.

As far as the case management deadlines, the initial scheduling order anticipated a second scheduling conference to be set within 21 days of the Court's decision on the certification issue. In lieu of a scheduling conference, the Court orders the parties to confer and submit a proposed amended scheduling order within 21 days of the entry of this order. The amended scheduling order should contain two specific deadlines not found in the initial scheduling order: a deadline for Kohler to produce the contact information for the putative class and a deadline for prospective opt-in plaintiffs to submit their consent forms. Rather than requiring Kohler to produce the contact information for the members of the putative class immediately, the amended scheduling order should contain a deadline for Kohler to produce the information, once the form of the notice is finalized. As for the opt-in period, the Court finds good cause to allow 60 days for the opt-in period, to begin on the date Kohler serves counsel for Plaintiffs with the contact information for the members of the putative class.

## **CONCLUSION**

Plaintiffs' Amended Motion to Certify is **GRANTED**. The Court hereby orders as follows:

(1) The Court authorizes this case to proceed as a collective action of a putative class defined as follows:

> All non-exempt, hourly-paid, Kohler manufacturing employees, or similarly-titled employees, who worked as a Kohler employee at Kohler facilities in Union City, Tennessee; Huntsville, Alabama; Sheridan, Arkansas; Hattiesburg, Mississippi; Brownwood, Texas; and Kohler, Wisconsin; who are currently employed with Kohler or were employed with Kohler within the last three years; who regularly

worked over 40 hours or more per week; and who worked off the clock in violation of the Fair Labor Standards Act;

(2) Counsel for the parties are to confer and file a mutually acceptable notice, or in the alternative separate proposals for the notice, within 14 days of the entry of this order;

(3) Counsel for the parties are to confer and propose an amended scheduling order within 21 days of the entry of this order;

(4) Once the Court has approved the form of the notice, Defendant must post the notice prominently at each of Defendant's six manufacturing facilities where putative class members are or were employed. The notice shall also be mailed (at Plaintiffs' expense) to each such current and former hourly-paid manufacturing employee who was so employed during the last three years so each can assess their claims on a timely basis as part of this litigation; and

(6) The statute of limitations for the prospective opt-in Plaintiff is tolled as of the date of the entry of this order (except for those who already have opted into this action); opt-in Plaintiffs' consent forms will be deemed "filed" on the date they are postmarked.

**IT IS SO ORDERED.**

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           CHIEF UNITED STATES DISTRICT JUDGE

                                           Date:  August 30, 2017.