IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD DAVID and MATT HOFFMAN,** individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 1:15-cv-01263-STA-jay |
| **KOHLER CO.,** | ) ) | |
| Defendant. | ) ) | |

### ORDER DENYING JOINT MOTION TO APPROVE SETTLEMENT
### ORDER DENYING JOINT MOTION FOR LEAVE TO FILE SETTLEMENT UNDER SEAL

Before the Court is the parties' Joint Motion to Approve Settlement (ECF No. 200) and Joint Motion for Leave to File Settlement Under Seal (ECF No. 201), both filed October 3, 2019. The Court held a motion hearing with counsel for the parties on November 8, 2019, and following the hearing, Defendant Kohler Co. filed a Brief to Support the Confidentiality of the Settlement (ECF No. 208). Having considered the settlement agreement, the parties' arguments as to why the Court should approve the agreement in its present iteration, and the entire record of the case, the Joint Motion to Approve Settlement is **DENIED** without prejudice, and the Joint Motion for Leave to File Settlement Agreement Under Seal is **DENIED**.

### BACKGROUND

Plaintiffs Richard David and Matt Hoffman ("the named Plaintiffs"), who are hourly manufacturing employees at Kohler's Union City, Tennessee plant, filed suit for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). *See* Complaint, Nov. 2, 2015

1

(ECF No. 1); Am. Comp., Mar. 8, 2016 (ECF No. 40). The named Plaintiffs sought the conditional certification of a collective action on behalf of similarly situated Kohler employees in multiple states. On August 30, 2017, the Court adopted the United States Magistrate Judge's recommendation to grant conditional certification of a collective action for a class of Kohler employees defined as follows:

> All non-exempt, hourly-paid, manufacturing employees, or similarly-titled employees, who worked as Kohler employees at Kohler facilities in Union City, Tennessee; Huntsville, Alabama; Sheridan, Arkansas; Hattiesburg, Mississippi; Brownwood, Texas; and Kohler, Wisconsin; who are currently employed with Kohler or were employed with Kohler within the last three years; who regularly worked 40 hours or more per week; and who worked off the clock in violation of the Fair Labor Standards Act.

*See* Order Adopting the Mag. J.'s Rep. & Recommendation and Granting Pls.' Am. Mot. to Certify, Aug. 30, 2017 (ECF No. 69). The parties thereafter sent notice of the collective action to a class of 7,600 Kohler employees, of which approximately 428 opted to join in the action ("the opt-in Plaintiffs"). By the close of the discovery phase in May 2019, the parties had deposed both named Plaintiffs, 58 of the opt-in Plaintiffs, and Kohler's Rule 30(b)(6) representative. However, a number of opt-in Plaintiffs failed or refused to participate in discovery and, as a result, the Court dismissed them without prejudice from the collective action. *See* Order Granting Def.'s Unopposed Mot. to Dismiss, Feb. 27, 2019 (ECF No. 179); Order Granting Def.'s Am. Second Unopposed Mot. to Dismiss, Mar. 19, 2019 (ECF No. 187); Order Granting Def.'s Third Unopposed Mot. to Dismiss, May 29, 2019 (ECF No. 194); Order Granting Def.'s Fourth Unopposed Mot. to Dismiss, July 23, 2019 (ECF No. 198).

The parties now seek court approval for their settlement of the FLSA claims of the named Plaintiffs and the 150 opt-in Plaintiffs who remain in the case. In their Joint Motion to Approve Settlement, the parties argue that their settlement is a fair and adequate resolution of a bona fide

dispute and meets all of the criteria for approval. The agreement creates a funding pool for the payment of Plaintiffs attorney's fees and a sum for each named and opt-in Plaintiff, representing 0.2 hours of overtime compensation for each week worked at a Kohler manufacturing plant. The parties have also agreed on an incentive award of $2,250 for each named Plaintiff. The parties filed the settlement agreement under seal and request that the total amount of the settlement fund remain confidential. In exchange for Kohler's agreement to a monetary settlement, the named and opt-in Plaintiffs agree to the dismissal of their suit and the release all claims they have against the company. The parties have also agreed to keep the terms of their settlement, the amount received by each named and opt-in Plaintiff, and the amount of the fees and costs awarded to counsel for Plaintiffs confidential.

In their Joint Motion for Leave to File Settlement Agreement Under Seal and for In Camera Review (ECF No. 201), Kohler states its wish to maintain the confidentiality of the amount of the settlement, both because it denies any liability to any Plaintiff and out of a desire to avoid any "unwanted or frivolous copycat litigation." Jt. Mot. for Leave File 2, Oct. 3, 2019 (ECF No. 201). For their part Plaintiffs state that the confidentiality of the amount of their monetary recovery protects their individual privacy interests in the public disclosure of their income. The parties posit that there is no public interest in the disclosure of their settlement and therefore argue that their private interests in the secrecy of their settlement justify the sealing of their agreement. For legal support, the parties cite a number of decisions from the Western District of Tennessee permitting FLSA settlement agreements to be filed under seal. In the event the Court denies their request to file the agreement under seal, the parties request permission to file the agreement on the record with the amounts of the settlement fund redacted.

At the November 8, 2019 hearing on the settlement, the Court received additional argument

from the parties as to why the Court should approve their agreement. The Court raised with the parties its concerns about the confidential nature of the settlement. For example, the Court noted that under a strict reading of the agreement, the confidentiality provision would preclude the named and opt-in Plaintiffs from disclosing the settlement amounts to a spouse or a tax adviser. Perhaps more important, the Court pointed out to the parties that a number of courts have declined to approve FLSA settlements containing confidentiality provisions based on the public interest in the resolution of FLSA claims. Rather than approving the agreement at the conclusion of the hearing, the Court gave the parties 20 days in which to refile their request for approval without the confidentiality clause or submit additional briefing on why the Court should approve the agreement in its current form with the confidentiality provision.

Kohler has responded by filing its Brief in Support of Confidentiality of Settlement (ECF No. 208), which incorporates by reference the parties' principal arguments for the sealing and confidentiality of their agreement set out in their Joint Motion. In its separate brief addressed to the confidentiality provision, Kohler offers essentially the same arguments as to why the Court should approve the agreement as drafted with the confidentiality provision. Kohler argues that the confidentiality of the agreement protects its interests in keeping the terms of the settlement private. Kohler denies any wrongdoing and fears that a publicly available settlement agreement might suggest that Kohler somehow violated the FLSA. Kohler only agreed to settle the case in order to avoid the costs of continued litigation, which would be substantial. As Kohler notes, the company could reasonably settle any other type of case against it simply for good business reasons and insist on confidentiality. An FLSA claim should be no different. The named Plaintiffs and 150 opt-in Plaintiffs are fully aware of the suit and their rights to pursue relief. No compelling policy reason exists to protect any other party's right to know about in the outcome of this suit. Without the

confidentiality provision, Kohler's only other alternatives are to continue litigating or reach a settlement without the confidentiality provision. Therefore, Kohler argues that the Court should allow the parties' confidentiality provision to remain and approve the settlement agreement.

## STANDARD OF REVIEW

The United States Supreme Court has held that "employees may not, either prospectively or retrospectively, waive their FLSA rights to minimum wages, overtime, or liquidated damages." *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 606 (6th Cir. 2013) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); and *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). The Supreme Court has noted that granting employees a sweeping or unchecked right to waive or release an FLSA claim might allow an employer to "circumvent the Act's requirements—and thus gain an advantage over its competitor," *Boaz*, 725 F.3d at 605 (citing *O'Neil*, 324 U.S. at 706–10), and otherwise undermine the FLSA's goal of "achiev[ing] a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act." *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945).

All of which is to say, the right of private parties to settle FLSA claims is not absolute. *O'Neil*, 324 U.S. at 704–05. Where parties settle or compromise an FLSA wages claim, the parties must seek court approval for the proposed settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) (remarking that the FLSA has "bann[ed] private settlements of disputes about pay"); *but see Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (enforcing the settlement of bona fide FLSA disputes over hours worked or wages owed without judicial or

Department of Labor approval); *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026–27 (8th Cir. 2019) (noting the circuit split on the question but finding it unnecessary to announce its own view on the split). Where parties seek court approval for their settlement, courts may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores*, 679 F.2d at 1353. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id*. at 1353-54. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA. *Id*. at 1353, n.8. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Id.* at 1354.

## ANALYSIS

The issue presented is whether the Court should approve an FLSA settlement agreement filed under seal and containing a confidentiality provision. The Court's determination of the issue requires it to balance the parties' privacy interests in preserving the confidentiality of their settlement, on the one hand, with the public interest in access to court records generally and the policies underlying the FLSA, on the other. The parties seek leave to have the agreement sealed as part of the record of the case. The agreement's confidentiality provision broadly requires each Plaintiff to "keep the settlement terms and conditions confidential" with exceptions or exemptions.[1] The Court's approval of the agreement would therefore bind the named and opt-in

---

[1] *Cf. Gamble v. Air Serv Corporation*, 247 F. Supp. 3d 1302, 1303 (N.D. Ga. 2017) (declining to approve a confidential settlement agreement where the relevant provisions allowed the plaintiffs to "the right to say 'the matter has been resolved'" and to disclose information "as required by law, for specific legal and/or professional investment planning and advice, to [a plaintiff's] spouse, . . . or to enforce [the settlement]").

The confidentiality provisions here also requires counsel for Plaintiffs to take certain actions to prevent further public dissemination of the suit's outcome. The Court's concerns with the confidentiality of the agreement relate more to the way in which the agreement binds Plaintiffs.

6

Plaintiffs to keep the terms of the settlement confidential, and sealing the agreement would shield it entirely from public disclosure. Taken together, both steps would ensure the complete secrecy of the parties' resolution of their dispute. As the parties correctly note, the "[s]ecrecy of settlement terms . . . is a well-established American litigation practice." Jt. Mot. to File Settlement Agr. Under Seal 3 (ECF No. 201) (quoting *In re Franklin Nat'l Bank Secs. Litig.*, 92 F.R.D. 468, 472 (E.D.N.Y. 1981)).

Nevertheless, the Court holds that the settlement agreement's confidentiality provision is inconsistent with the public interest in the enforcement of the FLSA, the court supervision of FLSA settlements, and general access to judicial documents. The settlement agreement is now indisputably a court record by virtue of the parties' filing the agreement on the docket and their submission of the agreement on the record as part of their request for court approval.[2] *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337–38 (S.D.N.Y. 2012) (holding that "an agreement settling an FLSA claim that is submitted for court approval is indisputably" a court record). As a general proposition, there exists a "strong presumption in favor of openness as to court records." *Woods*

---

The additional steps to be taken by Plaintiffs' counsel do not present the same concerns, though the agreement does require counsel to maintain the confidentiality of the settlement amount (just not the other terms of the agreement).

[2] The parties filed the settlement under seal as part of their request for in camera review and in conjunction with their Motion for Leave to File, a practice specifically allowed under the Court's Local Rules of Court and CM-ECF policies and procedures. *See* Electronic Case Filing (ECF) Policies & Procs. § 8.1, App'x A to Local R. (allowing parties initially to file a document under seal, subject to the Court's subsequent determination of whether the filing should remain under seal.) The Court would add, though, the filing a document under seal is not the correct procedure when parties submit a document for in camera review. *Id.* at § 8.2 ("In Camera submissions shall be presented to the court by direct e-mail to the presiding Judge's ECF E-mail Account with notice or a copy to opposing counsel or parties.").

As Kohler correctly notes, parties to most all other types of civil actions are free to resolve disputes by means of a settlement agreement and without court oversight. But that is not the case where the FLSA is concerned. The parties are required to obtain court approval.

*v. U.S. Drug Enforcement Admin.*, 895 F.3d 891, 893 (6th Cir. 2018) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836 (6th Cir. 2017) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)).

And the parties' burden to justify the secrecy of their agreement is heightened further in this case due to the strong public interest in the enforcement of the FLSA. Congress enacted the FLSA as a "broadly remedial and humanitarian statute," *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838, 845 (6th Cir. 2019), "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *O'Neil*, 324 U.S. at 706. So "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Signature Mgmt. Team, LLC*, 876 F.3d at 836 (quoting *Shane Grp., Inc.*, 825 F.3d at 305). The parties must therefore satisfy a heightened standard in order to justify sealing their agreement to resolve Plaintiffs' FLSA claims.

The Court finds that the parties have not met that burden here. In their analysis of "why the information in [the settlement agreement] should stay secret," *Woods*, 895 F.3d at 893, the parties have cited their privacy interests in the terms of the settlement, specifically "the settlement amounts to be paid to the Named Plaintiffs and each individual Opt-in Plaintiff, as well as the fees and costs agreed to be paid to Plaintiffs' Counsel." Jt. Mot. to Approve Settlement 7 (ECF No. 200); *see also* Jt. Mot. to File Settlement Agr. Under Seal 2 (ECF No. 201) ("Defendant considers the details about the amounts it agreed to pay to settle the individual Plaintiffs' disputed claims to be confidential information."). The parties have also cited the need to shield the terms of the

8

settlement "from those who might misuse the information to spur unwanted and frivolous copycat litigation." *Id*.

While these are legitimate interests, they do not overcome the strong presumption of openness or the heightened public interest in FLSA settlements. Kohler's privacy interests in its own business affairs are not enough to justify sealing the agreement. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1169 (6th Cir. 1983) (holding that privacy interests of the parties were insufficient to overcome the presumption of public access on a matter of public concern); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness" in the context of the FLSA.). Kohler has not shown that the agreement divulges any trade secrets or other proprietary data, the type of information that would put Kohler at a competitive disadvantage and might warrant filing the agreement under seal. Kohler simply wants to keep the fact of the settlement and the monetary terms of the agreement private, primarily to prevent the settlement from being misconstrued as an admission of liability and to avoid being named in subsequent suits. But the settlement agreement already addresses some of these concerns; the agreement specifically recites Kohler's denials of liability and its reasons for settling the suit. Kohler also has the protection of the FLSA's waiver provision, § 216(c), which allows an employer to obtain an enforceable release from an employee as part of the approval of an FLSA settlement. *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012). And with respect to Plaintiffs' privacy interests in the amounts of the settlement, the amount owed to each named and opt-in Plaintiff is listed in a table attached as an addendum to the agreement itself.

While sealing or redaction of each Plaintiff's personal financial information may be appropriate,[3] sealing the entire agreement for the sake of Plaintiffs' privacy is simply overbroad. *In re National Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (quoting *Shane Grp.*, 825 F.3d at 305) (holding that a party asking a court to seal a document must show that "the seal is narrowly tailored to serve that reason").

Not only is there strong public interest in the openness of judicial records and the enforcement of the FLSA, but district courts have withheld approval for FLSA settlement agreements with confidentiality provisions for a number of additional policy reasons. *See Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1030–31 (W.D. Tenn. 2016). "A confidentiality provision in an FLSA settlement agreement both contravenes the [remedial] legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Confidentiality agreements arguably impair the right of employees to engage in their own protected activity and at the same time advise co-workers about their own rights under the FLSA, both of which run counter to the letter and the spirit of the statute.

---

[3] If the Court denies their request to file their agreement under seal, the parties have requested leave to file the agreement with redactions of *all* of the monetary terms of the settlement. Sealing and redaction are simply two sides of the same coin. *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (vacating district court orders to seal or permit redacted filings).

It is true that the Court's ECF Policies and Procedures permit the filing of sealed or redacted "individual financial information." *See* Electronic Case Filing (ECF) Policies & Procs. § 13.4.3, App'x A, Local R. ("Attorneys and parties shall exercise caution and shall consider redaction or consider filing a sealed document if any of the following information is referenced: . . . (d) individual financial information."). The Court states no opinion on whether the amounts each named and opt-in Plaintiff would receive in the proposed settlement constitute "individual financial information." The Court's determination is that sealing the entire agreement in its current form or redacting all of the monetary terms of the settlement is not required to safeguard the "individual financial information" found only in the appendix to the settlement agreement.

For instance, confidentiality agreements may prevent employees with knowledge or experience of FLSA violations from speaking out about FLSA violations in the future, even if the employee no longer works for the same employer and even though the FLSA protects a covered employee's right to oppose FLSA violations, to testify on behalf of other employees, and to make simple oral complaints. 29 U.S.C. § 215(a)(3); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). The Supreme Court has remarked that FLSA enforcement depends on "information and complaints received from employees," and not "continuing detailed federal supervision or inspection of payrolls." *Id*. at 11–12 (quoting *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)). The FLSA's anti-retaliation section, § 215(a)(3), therefore, exists to promote private enforcement of the Act and protect plaintiff-employees from "fear of economic retaliation." *Id*. However, an employee bound by a confidentiality agreement but confronted with a possible violation of the FLSA may be forced to choose between either exercising his right to engage in protected activity or risk a breach of confidentiality. Confidentiality agreements can be incompatible with the FLSA's anti-retaliation protections. *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017).

An agreement not to discuss FLSA litigation is also at odds with "the Department of Labor requirement that FLSA employers clearly display a detailed notice of the employee's FLSA rights in the workplace" and potentially "thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right." *Id.* at 1306 (citing 29 C.F.R. § 516.4). Courts have noted that the FLSA was specifically intended to protect sometimes vulnerable populations of workers. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 179 (S.D.N.Y. 2015) ("Among the people who require the protection of the FLSA are workers who are poorly educated and non-English speaking."). Employees with firsthand knowledge and

11

experience of the FLSA might be the most obvious source of information about the Act for their co-workers. But if they are bound to keep that knowledge to themselves because of a preexisting agreement, they will be prevented from counseling or assisting co-workers in their own protected activity.

In sum, the Court finds that the strong public interest in the effective enforcement of the FLSA and the court oversight of FLSA settlements outweighs any interests the parties may have in the confidentiality of their settlement or their preference to file the agreement under seal. Therefore, the Court declines to approve the parties' settlement in its current form and their agreement to maintain the confidentiality of the terms of the agreement. The Joint Motion for Approval is **DENIED** without prejudice to seek the subsequent approval of a settlement consistent with this order. The Joint Motion for Leave to File Settlement Agreement Under Seal Court is likewise **DENIED**, though the Court grants the parties leave to withdraw their confidential agreement from the record (ECF No. 202) and the agreement may remain under seal until the parties have withdrawn it.

## CONCLUSION

The Joint Motion to Approve Settlement and the Joint Motion for Leave to File Settlement Agreement Under Seal are **DENIED**. The parties have 30 days from the entry of this order in which to submit a revised settlement agreement or otherwise notify the Court of how they intend to proceed.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 10, 2019.